WILLIAM B. PHIFER, *Appellant*, v. ARTHUR O. STEENBURG *et al.*, *Appellees*.

Opinion Filed January 6, 1914.

Where there is a contract of sale of land by a government designation, stating the quantity to be 3,500 acres more or less, and where it is alleged in a bill filed by the purchaser of the land to obtain an abatement of the purchase price because of a deficiency of 540 acres, and where it is alleged in the bill that when the purchase was made the vendor's agent assured the purchaser that he well knew the lands, that they embraced in the aggregate 3,500 acres, and that the vendors would make a good title to that many acres, and it is also

alleged in the bill that the vendee did not know the number of acres, and had no notice of any deficiency, and relied entirely upon the assurance of the vendor's agent, a demurrer to said bill on the ground that there is no equity in the bill should not have been sustained.

Appealed from the Circuit Court of Alachua County; James T. Wills, Judge.

Order reversed.

*Hampton & Hampton,* for Appellant;

*W. S. Broome,* for Appellees.

HOCKER, J.—Appellant filed an amended bill of complaint in the Circuit Court of Alachua County, alleging, in substance, that Alfred C. Steenburg. the owner of certain lands in Alachua County, and his wife, on the 23rd of July, 1906, by Arthur O. Steenburg, his authorized attorney in fact entered into an agreement in writing with Phifer, which is attached to and made a part of the original bill, in the following words and figures:

"The State of Florida, )
    Alachua County.    )

KNOW ALL MEN BY THESE PRESENTS: That I, A. O. Steenburg, of the County of Alachua, State of Florida, am held bound unto W. B. Phifer, of the County of Alachua, State of Florida, in the sum of Ten Thousand Dollars, for the payment whereof well and truly to be made do bind myself, my heirs, executors and administrators firmly by these presents. Signed and sealed this 23 day of July, A. D. 1906.

The condition of the above obligation is such that

whereas the said A. O. Steenburg has this day bargained and sold to the said W. B. Phifer the following described property, lying and being in the County of Alachua and State of Florida: All of the N. W. ¼ of N. E. ¼ and E ½ of N. E. ¼ and N ½ of N. W. ¼ and S. W. ¼ of N. W. ¼ and N. ½ of S. E. ¼ of N. W. ¼ and S. E. ¼ and S ½ of S. W. ¼ and N. W. ¼ of S. W. ¼ and S. ½ of N. E. ¼ of S. W. ¼ of Section 7, Township 11, Range 22. Also the N. ½ and S. W. ¼ and N. ½ of S. E. ¼ and S. W. ¼ of S. E. ¼ of Section 13, Township 11, Range 21. Also N. ½ and N. ½ of S. E. ¼ and S. E. ¼ of S. E. ¼ and E. ½ of S. W. ¼ of S. E. ¼ and N. W. ¼ of S. W. ¼ of S. E. ¼ and N. W. ¼ of S. W. ¼ and S. E. ¼ of S. W. ¼ of S. W. ¼ of Section 14, Township 11, Range 21. Also all of Sections 19 and 30 of Township 11, Range 22, containing in the aggregate 2960 acres more or less, according to plats of U. S. Survey of said Townships. Also all land in Section 25, Township 11, Range 21, not previously deeded by J. M. Hawthorn Dc'd, containing 480 acres of land. Also S. E. ¼ of S. E. ¼ and E. ½ of S. W. ¼ of S. E. ¼. The said land being divided by a line running from the N. E. corner to the S. W. corner of the S. W. ¼ of the S. E. ¼ and all being in Section 24, Township 11, Range 21, containing sixty (60) acres more or less.

And in consideration thereof, the said W. B. Phifer has executed 4 certain promissory notes of even date herewith, payable as follows:

$2500.00 payable January the first, 1907.
$2500.00    "    July the 23rd, 1907, and interest at 8%
$2500.00    "    July the 23rd, 1908,  "    "    "    "
$2500.00    "    July the 23rd, 1909,  "    "    "    "

Now if the said W. B. Phifer shall well and truly pay the said promissory notes, with interest as stated therein,

and shall pay all taxes and insurance upon the within described property, into the possession of which from the date hereof, it is hereby agreed that he shall enter and continue, then the said A. O. Steenburg shall execute a deed in fee simple to the said W. B. Phifer for the aforesaid property, when this obligation is to be void, else to remain in full force and virtue.

```
Signed, sealed and delivered)  A. C. Steenburg,     (Seal)
    in presence of            )  Alice W. Steenburg, (Seal)
F. H. Clyatt,                  )  By A. O. Steenburg,
S. H. Wienges.                 )     their Attorney in fact."
```

This contract was properly acknowledged.

It is alleged that Arthur O. Steenburg acted under the following power of attorney:

```
"A. C. Steenburg and Wife)
              to         )  Power of Attorney.
Arthur Steenburg.        )
```

Know all men by these presents, that we, Alfred C. Steenburg and Alice W. Steenburg, his wife, of the City of Farmington, County of Fulton and State of Illinois, have made, constituted, and appointed, and by These Presents do make, constitute and appoint Arthur Steenburg of the City of Gainesville, County of Alachua and State of Florida our true and lawful Attorney for us and in our name, place and stead to contract the sale and execute a deed for any interest we may have in any lands or real estate situated in the Township Numbered Eleven (11) South and Range Twenty One (21) East in Alachua County in the State of Florida. Also to any lands in Township Eleven South and Range Twenty Two (22) East in said Alachua County in the State of Florida giving and granting unto him our said Attorney full power

and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes as we might or could do if personally present at doing thereof with full power of substitution and revocation hereby ratifying and confirming all that he our said Attorney or his substitute shall lawfully do or cause to be done by virtue hereof.

In Testimony Whereof We have hereunto set our hands and seals this 29th day of June, A. D. 1906.

Signed, sealed and delivered)
  in presence of         ) Alfred C. Steenburg, (Seal)
Clyde Steenburg,       ) Alice W. Steenburg, (Seal)"
Samuel Jack.           )

This power of attorney was properly acknowledged.

The bill alleges that Phifer executed the four promissory notes of $2,500.00 each described in the contract of sale as the consideration for said lands; that A. O. Steenburg acting as attorney in fact assured orator that he well knew the said lands, and that they contained 3500 or more acres, and that he would make a good title to that many acres; that orator not knowing himself, but relying solely on the assurance of A. O. Steenburg as agent, agreed to purchase said lands and give his four notes aggregating $10,000.00, the purchase price thereof; that since the contract of sale was executed he has had the lands surveyed, and that there is a shortage of 530 acres, and gives the sections, townships and ranges where the shortages occur. The bill alleges that the purchase price of $10 000.00 was fixed by the said alleged acreage of 3500 acres at so much per acre and not in gross.

The bill alleges that orator has paid three of said notes,

and has offered to pay so much of the fourth note as will be due after deducting the amount created by the deficiency of acreage at the price per acre as shown by the contract; that appellees refuse to accept the amount thus alleged to be due, but insist upon full payment of the last note of $2500.00. The shortage is alleged to be 540 acres. 'That orator is now ready and willing and offers to pay the full price per acre of 2960 acres, which is the amount of land sold him by appellees.

It is further alleged that A. O. Steenburg knew at the time that the lands described did not contain the acreage contracted for, but this was unknown to orator, and that A. O. Steenburg falsely represented the acreage of the land, and that orator relied on his representation and entered into the possession of the property, and is now in possession.

The bill prays, among other things, that a master be appointed to take testimony and report what abatement, if any, should be made from the purchase price of the lands because of the inability of appellees to make a good title to all the lands agreed to be conveyed; that upon payment by orator of amount found to be due, which he is willing and offers to pay, Steenburg may be required to execute a good deed to your orator, for general relief, etc.

There was a demurrer to this amended bill on five grounds, in substance: First, there is no equity in the bill; Second, there is an adequate remedy at law by way of plea of set-off, or partial failure of consideration; third, the sale of the lands was in gross and not by acre; fourth, the complainant has not performed the covenants and agreements by him to be performed, as he has refused to pay the last note in full; fifth, the powers of attorney referred to in the bill contain no provisions

vesting authority in A. O. Steenburg, attorney in fact, to make any representations or warranties as alleged in the bill, and such as are alleged are not binding upon A. C. Steenburg and wife.

The first, third, fourth and fifth grounds of the demurrer were sustained, and the second overruled, and the amended bill was dismissed without prejudice to a suit to compel conveyance of the lands described in the bond for title. An appeal was taken from this order by complainants. The assignments of error cover each of the rulings of the judge below. In the brief of appellees there is no attempt to sustain any ground of the demurrer to the amended bill, except the ground which asserts that the facts alleged in the bill show a sale of lands in gross, and not a sale by the acre, and therefore the appellant is not entitled to any reduction in the amount of the purchase money because of an alleged deficiency in the acreage. If this contention is correct, there is no equity in the bill. There is no doubt that as a general rule, in a sale of land in gross, that is where it is a specific lot, section or parcel of land sold as a whole without regard to specific quantity, the purchaser is not entitled, in the absence of fraud or gross mistake to an abatement of the purchase price for a deficiency in the quantity of land from that which the parties estimated at the time of sale, unless such a deduction is expressly stipulated for, or the vendor has given a guaranty of the number of acres; and this rule applies even where the deficiency is a large one, unless it is so large as to raise an inference of fraud. This rule applies where the sale is for a gross sum and the contract, bond for title or deed describes the land merely by reference to a government survey by metes and bounds, or by name or number of section, parcel or lot. In such cases relief is

36—Vol. 66

denied on the ground that the purchaser gets the specific land which he contracted to buy, and must be deemed to have assumed the risk of a deficiency in quantity. If the sale is in fact one in gross, the purchaser is not entitled to an abatement in the absence of fraud. 39 Cyc. pp. 1585 *et seq.*

Upon the question whether a contract of sale of land which describes it by metes and bounds, or by section or numbers, and which also states the number of acres sold, not by way of covenant, but by way of description, is a sale in gross or a sale by the acre, there is an apparent lack of harmony in the application of the general rule, growing out of various considerations. See 39 Cyc. pp. 1583 to 1588 inclusive, and notes. We cannot go into an examination of the numerous decisions upon this question.

In the instant case the contract of sale describes the lands by the government designation, and states that the quantity of land contracted to be sold was 3,500 acres *more or less.* The words "more or less" thus used are generally limited to a reasonable deficiency because of small errors in surveys, and to variations in instruments, and should not be applied to relieve against a gross deficiency in the quantity of land, when as alleged in the bill the vendors' agent assured the purchaser that he well knew the lands, that they contained in the aggregate 3,500 acres, and that the vendors would make a good title to that many acres, accompanied with the further allegation that the vendee did not know the number of acres and had no notice of any deficiency, and relied entirely upon the assurance of vendors' agent. The demurrer admits these allegations. It seems to us that under the circumstances a deficiency of 540 acres in a total of 3,500 is a gross deficiency, which entitles the vendee to an

abatement from the purchase price upon the basis of an acreage valuation.

The order appealed from is reversed, and the case remanded for further proceedings.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.