ARTHUR O. STEENBURG, ALFRED C. STEENBURG AND ALICE W. STEENBURG, HIS WIFE, *Appellants,* v. WILLIAM B. PHIFER, *Appellee.*

Decision Filed April 27, 1915.

PER CURIAM.—This cause having been submitted to the court at a former term thereof, upon the transcript of the record of the appeal aforesaid, and argument of counsel for the respective parties, and the record having been seen and inspected, and the court being now advised of its judgment to be given in the premises, it seems to the court that there is no error in the said decree; it is therefore considered, ordered and adjudged by the court that the said decree of the Circuit Court be and the same is hereby affirmed; it is further ordered that the appellee do have and recover of and from the appellants his costs by

him in this behalf expended, which costs are taxed at the sum of.........., all of which is ordered to be certified to the court below.

Appeal from Circuit Court for Alachua County; Jas. T. Wills, Judge.

Cockrell, J., dissenting.

Upon the former appeal of this case, 66 Fla. 555, 64 South. Rep. 265, we held that the bill stated a case for equitable relief upon the ground of a deficiency of acreage between that named in the bond for title and that shown by the actual survey, and the order sustaining a demurrer to the bill was reversed. The defendants then answered the bill, testimony was taken and the full relief prayed was granted.

With all the facts before us I am of the opinion that the complainant Phifer was not entitled to relief.

As to the allegation in the bill that the vendor assured the vendee that he well knew the lands and that they contained in the aggregate 3,500 acres, and that the vendor would make a good title to that many acres, and further that the vendee in ignorance of the acreage relied upon the vendor's statement, I may say that the only testimony on this aspect of the case, is a stand off, the complainant testifying positively one way, and the defendant A. O. Steenburg testifying as positively the other way. These facts are, however, without contradiction: Phifer was perfectly familiar with the tract of land bargained for, having recently theretofore turpentined over every part of the tract, while Steenburg was not familiar with it. Again, the tract was on the edge of a lake, and seems to

have been filled with ponds, so that something like twelve hundred acres was under water and admittedly valueless to Phifer, the purchaser. A large portion of the alleged shortage is in two sections, which instead of containing the supposed 640 acres each, contained actually but 420 acres each, but of these sections more than four-fifths were under water and useless, and another partial section where there was a shortage was altogether under water. Another shortage was in a small tract that was "thrown in for good measure" and was not considered of any real value by the vendee.

All these circumstances indicate to my mind that the decided weight of the evidence lay with the defendants, and show that the sale was in gross and not by the acre, and therefore the decree should be reversed with directions to dismiss the bill.

SHACKLEFORD, J., concurs in this dissent.