EASTMOORE, E. L., Associate Judge.
Appellants, Willis and Walker, real estate developers, negotiated the purchase from Appellee, Brent, of a tract of land in Nassau County, bordering on the St. Marys River, at a sales price of $185,000 and containing “480 acres more or less”. The purchase agreement entered into required the buyers to bear the cost of a survey, “if they wish to have a survey done”. The sale was closed November 27, 1972. A purchase money mortgage to secure the purchase price was executed, with release clauses. The buyers finally surveyed the last portion of the property on September 8, 1975, which survey reflected that the tract contained not more than 400 acres. Thereafter, the buyers declined to make further payments and the seller filed an action to foreclose the mortgage. The testimony before the trial court revealed, and the trial court found in the final judgment, that the sale was in gross and not by the acre, that no warranty of acreage was made, and that the buyers actually had a superior knowledge of the property to that of the seller. The trial court found that there was no fraud or misrepresentation, that there was *941 no mutual or gross mistake, and the trial court granted the relief of foreclosure. The buyers took this appeal from the judgment of the trial court.
Appellants place great reliance in this court’s holding in Platt v. Deese, 298 So.2d 578 (Fla. 1st DCA), cert. dismissed, 301 So.2d 780 (Fla.1974), wherein the Court referred to the Supreme Court Decision in Phifer v. Steenburg, 66 Fla. 555, 64 So. 265 (1914), concerning the right to recover the deficiency in sales by the tract when there is fraud or gross mistake. Such reliance is misplaced, for in Platt, the Court found that there was not only gross mistake, but gross misrepresentation. In the case sub judice both sides agree that no misrepresentation and no fraud were ever involved. In this case the trial judge had ample evidence upon which to base his decision that there was no guarantee of acreage, that the sale was in gross, and that the buyers had ample opportunity to have the property surveyed and the exact acreage ascertained, if they so desired. The facts before the trial court do not lend themselves to a finding that the purchase price was on a per acre basis. In fact, it would have been difficult to ascertain a per acre price for the reason that the property (which was purchased for development and re-sale) consisted of high land, low land and river frontage. The buyers quite obviously did not concern themselves with the total amount of acreage because of the time within which they surveyed the property.
Finding no reversible error, the judgment of the trial court is accordingly affirmed.
McCORD, C. J., and MELVIN, J., concur.